UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| JODI L. AUKER, | : | |
|     Debtor | : | CASE NO. 4-20-bk-00880-MJC |
| | : | |
| JODI L. AUKER, | : | |
|     Movant | : | |
| | : | |
|   vs. | : | |
| | : | |
| BANK OF NEW YORK MELLON, | : | |
|   c/o New Rez d/b/a Shellpoint Mortgage | : | |
|   Servicing, | : | |
| BANK OF NEW YORK MELLON, | : | |
|   c/o Specialized Loan Servicing LLC, and | : | |
| JACK N. ZAHAROPOULOS, ESQUIRE | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
|     Respondents | : | |

## DEBTOR'S MOTION TO SELL REAL ESTATE

AND NOW, comes Movant, Jodi L. Auker, through her attorneys Mette, Evans & Woodside, and brings this Motion to Sell Real Estate brought under 11 U.S.C. §363(b), a statement of which follows:

1. Movant, Jodi L. Auker, is the Debtor in this case.

2. Respondent, Bank of New York Mellon c/o New Rez d/b/a Shellpoint Mortgage Servicing, is the first lienholder on the real estate that Debtor desires to sell.

3. Respondent, Bank of New York Mellon c/o Specialized Loan Servicing LLC, is the second lienholder on the real estate that Debtor seeks to sell.

4. Respondent, Jack N. Zaharopoulos, Esquire, is the Standing Chapter 13 Trustee in this case.

5. Jurisdiction to consider this Motion is granted pursuant to 28 U.S.C. §1334. This Court has the authority to hear and determine this Motion pursuant to 28 U.S.C. §157(b) and the Standing Order of Reference of the United States District Court for the Middle District of

Pennsylvania dated March 11, 2016. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(N). Venue is proper before this Court pursuant to 28 U.S.C. §1409.

6. Movant and her non-filing spouse, Wayne L. Auker, have entered into a Standard Agreement for the Sale of Real Estate for the property known and designated as 145 Summit Drive, Centre Hall, Pennsylvania 16828, a copy of which is attached hereto as Exhibit A.

7. Keller Williams Advantage Realty is the real estate broker through which the real estate was sold, having listed the property on December 20, 2023 and actively marketed the property thereafter.

8. Buyers, Trevor J. Kepner and Lindsey Stratchko, are not insiders and have no relationship to Movant. The sale transaction was negotiated at arm's length.

9. The sales price for the transaction is $675,000.00 which Debtor considers to be a fair and reasonable price.

10. Respondent, Bank of New York Melon c/o New Rez d/b/a Shellpoint Mortgage Servicing, claimed a principal balance due of $398,780.73 in its Proof of Claim filed in this matter.

11. Respondent, Bank of New York Melon c/o Specialized Loan Servicing LLC, claimed a principal balance due of $131,976.92 in its Proof of Claim filed in this matter.

12. Movant intends to pay both mortgages in full through the proceeds of the proposed sale.

13. Debtor proposes that the proceeds from the sale be distributed as follows:

    a. traditional closing fees including, but not limited to, notary, lien certification, deed preparation and incidental repair and maintenance costs;

    b. broker's fee in the amount of 3.750% of the sale price plus $195.00;

    c. 1% realty transfer tax;

    d. payment in full of past due and pro-rated real estate taxes and other municipal liens upon the real estate;

    e. payment in full of the mortgage lien held by Bank of New York Melon c/o New Rez d/b/a Shellpoint Mortgage Servicing;

    f. payment in full of the mortgage lien held by Bank of New York Melon c/o Specialized Loan Servicing LLC;

  g. payment of attorney's fees to Mette, Evans & Woodside in the amount of $1,000.00 to be escrowed pending the submission of a fee application to this Court;

  h. half of the remaining proceeds to Debtor's non-filing spouse Wayne L. Auker;

  i. debtor's exemption under §522(d)(1) of the Bankruptcy Code in the amount of $25,150 and remaining exemption under §522(d)(5) of the Bankruptcy Code in the amount of $1,022.26 for a total of $26,172.26 to debtor;

  j. any remaining funds shall be distributed to Jack N. Zaharopoulos, Standing Chapter 13 Trustee, for distribution to unsecured claims.

12. This sale will not close if insufficient funds remain for the payment in full of the two mortgage liens on this property.

13. Debtor, through her agents, shall use best efforts to determine the current payoff balance due on each mortgage prior to closing this transaction.

14. Buyers should be considered good faith purchasers in consideration of the following:

  a. the property was sold at arm's length through the assistance of a real estate broker;

  b. the property was listed with said broker since December 20, 2023;

  c. the broker assisted in at least 6 showings of the property, received two offers on the property prior to sellers accepting the better offer from the buyers;

  d. Buyers are not insiders and have no relationship to debtor; and

  e. the parties believe that the consideration paid for the real estate is fair and reasonable and free of fraud or collusion.

15. Movant requests that any order approving the sale be effective immediately and that the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) and 6006(d) be made inapplicable.

WHEREFORE, Movant requests this court to approve the Standard Agreement for the Sale of Real Estate entered into by Movant in this matter.

                                      Respectfully submitted,

                                      METTE, EVANS & WOODSIDE

By: /s/ James K. Jones
James K. Jones, Esquire
3401 N. Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000
Attorneys for Debtor

Date: March 4, 2024

2361666v1