UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| JODI L. AUKER, | : | |
|     Debtor | : | CASE NO. 4-20-bk-00880-MJC |
| JODI L. AUKER, | : | |
|     Movant | : | |
| vs. | : | |
| BANK OF NEW YORK MELLON, | : | |
|   c/o New Rez d/b/a Shellpoint Mortgage Servicing, | : | |
| BANK OF NEW YORK MELLON, | : | |
|   c/o Specialized Loan Servicing LLC, and | : | |
| JACK N. ZAHAROPOULOS, ESQUIRE STANDING CHAPTER 13 TRUSTEE | : | |
|     Respondents | : | |

## **ORDER**

AND NOW, upon consideration of Debtor's Motion to Sell Real Estate, and all other matters of record, and after finding that creditors and parties-in-interest were properly noticed, the Court approves Debtor's motion under §363(b) of the Bankruptcy Code. Debtor, along with her non-filing spouse Wayne L. Auker, is authorized to sell the real estate known and designated as 145 Summit Drive, Centre Hall, Pennsylvania under the terms of the Standard Agreement for the Sale of Real Estate entered into by the Sellers with Trevor J. Kepner and Lindsey Stratchko for a total consideration of $675,000.00. Proceeds from the sale shall distributed as follows:

    a.    traditional closing fees including, but not limited to, notary, lien certification, deed preparation and incidental repair and maintenance costs;
    b.    broker's fee in the amount of 3.750% of the sale price plus $195.00;
    c.    1% realty transfer tax;
    d.    payment in full of past due and pro-rated real estate taxes and other municipal liens upon the real estate;
    e.    payment in full of the mortgage lien held by Bank of New York Melon c/o New Rez d/b/a Shellpoint Mortgage Servicing;
    f.    payment in full of the mortgage lien held by Bank of New York Melon c/o Specialized Loan Servicing LLC in accordance with a payoff to be provided by Specialized Loan Servicing, LLC prior to any scheduled closing;
    g.    payment of attorney's fees to Mette, Evans & Woodside in the amount of $1,000.00 to be escrowed pending the submission of a fee application to this Court;

        h.       half of the remaining proceeds to Debtor's non-filing spouse Wayne L. Auker;

        i.       debtor's exemption under §522(d)(1) of the Bankruptcy Code in the amount of $25,150 and remaining exemption under §522(d)(5) of the Bankruptcy Code in the amount of $1,022.26 for a total of $26,172.26 to debtor;

        j.       any remaining funds shall be distributed to Jack N. Zaharopoulos, Standing Chapter 13 Trustee, for distribution to unsecured claims.

The sale shall not close if insufficient funds remain for the payment in full of the two mortgage liens on this property. Debtor, through her agents, shall use best efforts to determine the current payoff balance due on each mortgage prior to closing this transaction.

Buyers are found to be good faith purchasers and the consideration paid for the real estate is fair and reasonable and free of fraud or collusion.

This Order is effective immediately and the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) and 6006(d) are inapplicable.